UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO MENDOZA GONZAGA<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.  26-cv-02941<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Luis Antonio Mendoza Gonzaga filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting an immediate bond hearing or release within 14 days. (Dkt. No. 1 ("Petition").)  Petitioner argues that his nine-month detention without a bond hearing at the Otay Mesa Detention Center violates the Fifth Amendment to the United States Constitution.  (*Id*. at ¶¶ 74–76.)  The government responded to the Petition, arguing that Petitioner has failed to meet his burden of demonstrating that his continued detention without a bond hearing is unlawful.  (Dkt. No. 4.)  For the reasons that follow, the Petition is **GRANTED**. Respondents shall ensure that Petitioner is provided with a bond hearing within 14 days of this order.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since

1

Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner, a citizen of Mexico, has been residing in the United States since 2013. (Petition ¶ 23.)  The government does not dispute for purposes of the habeas petition that, in Mexico, Petitioner suffered repeated physical abuse from his uncle, who hit him all over his body, repeatedly held a knife to his neck, and stabbed Petitioner's mother in the breast once.  (*Id.* at ¶ 19.)  It is also undisputed that his uncle's connections to drug traffickers have interfered with the Mexican government's ability to hold him accountable, and thus to protect Petitioner from him.  (*Id.* at ¶¶ 19–20.)  Petitioner was granted asylum on January 13, 2016.  (*Id.* at ¶ 23.)  Since 2017, Petitioner has been convicted of several misdemeanors (including drug possession, vandalism, joyriding, and theft of identifying information) and felonies (flight from a peace officer, possession of stolen property, and drug possession for sale).  (*Id.* at ¶¶ 27–28.)  He was incarcerated in state prison from September 2024 to August 1, 2025, when he was released.  (*Id.* at ¶¶ 30, 32.)  It is undisputed that Petitioner's crimes were largely a product of his drug addiction, which in turn resulted from mental health conditions stemming from the traumatic events in Mexico.  (*Id.* at ¶¶ 27–28.)  While in prison, Petitioner has since engaged in therapy and substance abuse treatment and been sober since 2024.  (*Id.* at ¶¶ 29–30.)  Upon his release, Petitioner was transferred directly to Immigration and Customs Enforcement ("ICE") custody and has since remained in custody at Otay Mesa without a bond hearing.  (*Id.* at ¶ 32.)  Petitioner concedes that he is subject to the mandatory detention scheme under 8 U.S.C. § 1226(c).  (*Id.* at ¶ 33.)

Courts in this District "have applied different tests to analyze whether a noncitizen's detention has become unreasonably prolonged."  *Maldonado-Romero v. Warden of Imperial Reg'l Det. Facility*, No. 26-cv-02366-RBM-SBC, 2026 WL 1333758, at *3 (S.D. Cal. May 13, 2026).  For the reasons discussed in *Sanchez-Rivera v. Matuszewski*, No. 22-cv-1357-MMA (JLB), 2023 WL 139801, at *5–6 (S.D. Cal. Jan. 9, 2023), the Court applies the three-factor test

2

articulated in *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022).  Under *Lopez*, the reasonableness of Petitioner's continued detention without a bond hearing turns on (1) "the total length of detention to date," (2) the likely duration of future detention," and (3) "the delays in the removal proceedings caused by [him] and the government."  *Id*. at 879.  Considered here, these factors indicate that Petitioner's continued detention without a bond hearing has become unreasonable and due process requires that Petitioner be afforded a hearing.

First, as of the date of this Order, Petitioner has been in ICE custody for over nine months.  (Petition ¶ 1.)  For individuals detained under section 1225(b), "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."  *Amado v. U.S. Dep't of Just.*, No. 25cv2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (collecting cases).  Though Petitioner has been detained under section 1226(c), a similar analysis applies.  The length of detention, the most important factor, weighs in favor of Petitioner.  *See Maldonado-Romero*, 2026 WL 1333758, at *3.

Second, Petitioner has reason to anticipate significant future detention.  *See id*.  Petitioner argues that his detention will continue for at least another year "given his continued efforts to seek post-conviction relief for his state criminal convictions" and the posture of his asylee termination hearing and removal proceedings, (Petition ¶ 66), and the Government offers no argument suggesting that this estimate is inaccurate.  (Dkt. No. 4 at 8.)  Therefore, the second factor too weighs in favor of Petitioner.

Third, Petitioner's requests for continuances do not weigh against him, even though they delayed his removal proceeding by several months.  (*Id*. at 2, 9; Petition ¶¶ 68–69.)  Petitioner has been granted asylum, which is now in jeopardy due to his criminal convictions, and the Government does not dispute that his removal proceedings depend on the adjudication of his asylee status and consequently, the validity of his past criminal convictions.  (Petition ¶¶ 35–39, 68–69.)  His requests to continue his hearings to obtain counsel and to allow the state court to resolve his motions to vacate his pleas were therefore reasonable.  *See Lopez*, 631 F. Supp. 3d at 881 ("Petitioner is entitled to raise legitimate defenses to removal . . . and such challenges to his

removal cannot undermine his claim that detention has become unreasonable." (quoting *Liban M.J. v. Sec'y of Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 965 (D. Minn. 2019))); *see also Youdom Shu v. Warden, Otay Mesa Detention Center*, No. 26-cv-2405-JES-AHG, 2026 WL 1284872, at *4 (S.D. Cal. May 11, 2026) ("The Court notes that detainees require the assistance of counsel to effectively raise defenses to removal in immigration cases, and that counsel requesting continuances to prepare is common."). The final *Lopez* factor is neutral.

Two of the three *Lopez* factors weigh in favor of Petitioner, with the remaining factor being neutral. Accordingly, the Court concludes that Petitioner's detention has become unreasonable and due process requires that he be provided with a bond hearing. At the hearing, the government bears the burden of demonstrating by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. The government argues that Petitioner bears that burden. (Dkt. No. 4 at 9.) But the Ninth Circuit's conclusion in *Singh v. Holder*, 638 F.3d 1196, 1203–06 (9th Cir. 2011), that due process requires that bond hearings under section 1226(c) impose a clear and convincing standard on the government remains binding law despite the abrogation of other conclusions in that opinion. *See Rodriguez Diaz v. Garland*, 83 F.4th 1177, 1179 (9th Cir. 2023) (mem.) (Paez, J., dissenting from denial of rehearing en banc). Petitioner argues that due process requires that the adjudicator at his bond hearing consider alternatives to detention and his ability to pay a monetary bond (Petition ¶¶ 72–73), but the Ninth Circuit has declined to impose such a requirement. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024). The Court therefore declines to impose such a requirement here.

## III.    CONCLUSION

For the foregoing reasons, the Petition is granted. Accordingly, Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(c) within fourteen days of the filing of this Order. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. On or before **June 12, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the

outcome of that bond hearing.  Respondents shall also make a record of the bond hearing available to Petitioner's counsel.

**IT IS SO ORDERED.**

Dated: May 21, 2026

RITA F. LIN
United States District Judge