UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO MENDOZA GONZAGA<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.  26-cv-02941<br><br>**ORDER DENYING MOTION TO ENFORCE HABEAS ORDER**<br><br>Re: Dkt. No. 9 |

On May 21, 2026, the Court granted Petitioner Luis Antonio Mendoza Gonzaga's petition for writ of habeas corpus and ordered Respondents to provide Mendoza Gonzaga with an individualized bond hearing before an immigration judge ("IJ") in which Respondents had the burden of establishing, by clear and convincing evidence, that he poses a danger to the community or a risk of flight.  (Dkt. No. 5 at 4.)[1]  Respondents provided Mendoza Gonzaga with a bond hearing on June 2, 2026.  (Dkt. No. 6.)  The IJ found that the Government had met its burden of showing by clear and convincing evidence that Mendoza Gonzaga is a flight risk and danger to the community, and denied bond.  (*Id*.)  Mendoza Gonzaga now moves to enforce the Court's habeas order.  (Dkt. No. 9.)  He argues that Respondents violated the order because the IJ failed to hold the Government to the required clear-and-convincing standard.  (*Id*.)  For the reasons that follow, the motion is **DENIED**.  This order assumes the reader's familiarity with the facts of the case, the applicable legal standard, and both sides' arguments.

---

[1] All references to page numbers for filings on the docket refer to ECF pagination.

District courts have jurisdiction to assess compliance with their own habeas orders. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). An IJ's determination that an individual is a danger to the community or a flight risk is a "reviewable mixed question" of fact and law. *Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024). Such determinations are reviewed for an abuse of discretion. Under an abuse of discretion standard, a court can determine only whether the IJ applied "the correct legal standard." *Id*. at 785 (internal quotation marks omitted). Accordingly, a court's review is limited to "whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal quotation marks omitted).

The Court therefore has jurisdiction to review the IJ's ruling here.[2] At Mendoza Gonzaga's bond hearing, the IJ concluded that the Government had satisfied its burden of showing by clear and convincing evidence that Mendoza Gonzaga is a danger to the community and a flight risk. The IJ reasoned:

> In this case, the Respondent does have a conviction for possession of methamphetamine with intent to sell. Despite counselor for Respondent's argument that there is no crimes against persons, certainly possession of methamphetamine with the intent to sell it is a very dangerous act that can kill other people. Additionally, the Respondent was arrested and sentenced. It appears he may have been in a stolen vehicle at the time in 2016. In 2022, he was fleeing from police. He was driving on the wrong side of the highway. And he was also convicted, in the course of that, of receiving stolen property. Certainly, fleeing from the police on the wrong side of the highway is an extremely dangerous act. Has the potential to kill other people, as well as himself. Considering all the facts and circumstances, the court did consider the other mitigating evidence submitted by counselor for the Respondent, but given the recency of these acts, the court is not convinced that the Respondent has been rehabilitated and the court does find that the government has met their burden by clear and convincing evidence of showing that the Respondent is both a danger and flight risk and no bond would be warranted in this case.

---

[2] The Court does not reach Respondents' argument that Mendoza Gonzaga failed to exhaust his administrative remedies. (Dkt. No. 11 at 4.) "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). In any event, Mendoza Gonzaga's motion is denied on other grounds.

(Dkt. No. 9-6 at 5–6.)  In a written decision, the IJ denied bond "[a]fter full consideration of the evidence presented," stating "[t]he government met their burden by clear and convincing evidence that the respondent is both a danger to the community and a flight risk given his criminal history as articulated on the record."  (Dkt. No. 11-1 at 1.)

The IJ did not abuse his discretion by concluding that Respondents had shown by clear and convincing evidence that Mendoza Gonzaga is a danger to the community and a flight risk. When determining whether an individual is a flight risk or a danger to the community, an IJ may consider factors such as "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States."  *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).  Here, sufficient evidence supports the IJ's dangerousness and flight-risk determinations.

It is undisputed that Mendoza Gonzaga has a criminal history.  Both Mendoza Gonzaga's and the Government's evidentiary submissions reflect that between 2019 and 2024, he was convicted of several misdemeanors (including drug possession, vandalism, joyriding, and theft of identifying information) and felonies (flight from a peace officer, possession of stolen property, and drug possession for sale).  (*See* Dkt. Nos. 9-4, 9-5.)  The IJ observed that some of these convictions stemmed from extremely dangerous acts.  For instance, Mendoza Gonzaga was convicted in 2022 of "Fleeing A Pursuing Peace Officer's Motor Vehicle And Driving Against Traffic" in violation of Vehicle Code section 2800.4, which is a felony.  (Dkt. No. 9-4 at 69, 73.)  According to the criminal complaint, Mendoza Gonzaga drove a stolen vehicle "on a highway in a direction opposite to that in which the traffic lawfully moves upon that highway."  (*Id*. at 70.)  As the IJ noted, "fleeing from the police on the wrong side of the highway is an extremely

3

dangerous act" that had "the potential to kill other people, as well as himself." (Dkt. No. 9-6 at 6.) Mendoza Gonzaga has not sought to vacate that conviction. (*See* Dkt. No. 9 at 9 (indicating that Mendoza Gonzaga moved to vacate his 2019 and 2022 pleas relating to possession of controlled substances).) The IJ also noted that Mendoza Gonzaga was convicted of possession of methamphetamine with intention to sell and similarly concluded that "possession of methamphetamine with the intent to sell it is a very dangerous act that can kill other people." (Dkt. No. 9-6 at 5–6.) In sum, the seriousness of Mendoza Gonzaga's recent criminal history provided a sufficient evidentiary basis for the IJ to conclude that Mendoza Gonzaga is a danger to the community and a flight risk.

In support of his release on bond, Mendoza Gonzaga filed "supporting exhibits, including declarations from [himself] and his mother, ten letters of support, a psychological evaluation and recidivism risk analysis, photos of him and his family, and his criminal records and filed motions for post-conviction relief." (Dkt. No. 9 at 10.) Mendoza Gonzaga argues that the IJ did not mention or consider this probative evidence, which he claims precludes a finding that he is a danger to the community or a flight risk. But the IJ indicated, both at the bond hearing and in his written decision, that his decision to deny bond was based on his consideration of all the facts and circumstances, including "the other mitigating evidence submitted" by Mendoza Gonzaga's counsel. (Dkt. No. 9-6 at 6.)

It was not an abuse of discretion for the IJ to have concluded that in light of the recency of Mendoza Gonzaga's criminal acts, he was "not convinced that [Mendoza Gonzaga] has been rehabilitated." (*Id.*) To be sure, Mendoza Gonzaga may have made strides toward rehabilitation and sobriety while in custody. (*See, e.g.*, Dkt. No. 9 at 26.) However, evidence that an individual has taken steps toward rehabilitation while in custody does not necessarily give sufficient assurance of their safety after they leave custody. The IJ's reasoning is therefore sufficient at this juncture. The IJ's failure to "cite every piece of evidence in the record" and explain why that evidence is insufficient "does not amount to clear legal error." *See Madi v. Andrews*, No. 26-cv-01095-JLT-SKO, 2026 WL 1707708, at *3 (E.D. Cal. June 12, 2026).

For the foregoing reasons, Respondents did not violate the Court's habeas order. Mendoza Gonzaga's motion to enforce the Court's habeas order is denied.

**IT IS SO ORDERED.**

Dated: July 23, 2026

RITA F. LIN
United States District Judge